Davis Fito BURGESS, Petitioner,

v.

Eric H. HOLDER, Jr.*, Attorney
General, Respondent.

No. 06–70932.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2009.

Filed March 3, 2009.

Kelly P. Finley, Covington & Burling, LLP, San Francisco, CA, Davis Fito Burgess, c/o Yvonne Burgess, Sandy, UT, for Petitioner.

District Counsel, Phoenix, AZ, James A. Hurley, Mark Christopher Walters, Esq., Assistant Director, Stephen J. Flynn, Senior Litigation Counsel, DOJ – U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Chief Counsel U.S. Department of Homeland Security, San Francisco, CA, for Respondent.

Before D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

MEMORANDUM **

Petitioner Davis Fito–Burgess ("Burgess"), a native and citizen of Samoa, petitions for review of an order of administrative removal. Burgess was deemed removable as a non-permanent resident alien convicted of an aggravated felony under INA § 238(b), 8 U.S.C. § 1228(b). Burgess was served with a Notice of Intent to remove under INA § 238(b) by a Department of Homeland Security ("DHS") officer who, according to Burgess, convinced him not to challenge the notice and concede deportability. Burgess signed a waiver conceding removability, and later requested withholding or deferral of removal, which were denied by an IJ and the BIA.

Burgess now claims that the government violated his due process rights by

* Eric Holder is substituted for his predecessor, Michael Mukasey, as Attorney General. Fed. R.App. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

convincing him to sign a waiver, or, alternatively, by not maintaining a sufficient record of the expedited removal process such that he could challenge any constitutional violations that occurred. He argues that had he not signed the waiver but instead challenged his removability, he might have succeeded in convincing the deciding DHS officer to exercise discretion and move him from the § 238 process, where he could not raise his discretionary grounds for relief, to the INA § 240 process, where he could have done so.

To prevail on a due process challenge to deportation proceedings, Burgess must show both error and substantial prejudice. *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000). To show substantial prejudice, Burgess must demonstrate that the alleged violation affected the outcome of the proceedings because he had "plausible grounds" for relief from deportation that he was not able to pursue because of the violation. *Id.; United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir.2000).

Assuming, without deciding, that the DHS officer violated Burgess's due process rights, Burgess has not demonstrated plausible grounds for relief and therefore has not demonstrated prejudice. He has presented no argument that he would have been able to rebut the charges contained in his Notice of Intent. 8 C.F.R. § 238.1(d)(2)(i). Moreover, even assuming that the Attorney General or the DHS deciding officer has discretion, absent a rebuttal of the grounds for administrative removal, to take a petitioner out of a § 238 proceeding and put him in a § 240 proceeding, Burgess has made no showing that there are "plausible grounds" to believe that he could have convinced the

Attorney General to exercise such discretion.

Petition for review DENIED.